IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODGER WILLIAMS, #42890-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. 3:16-CV-1523-D-BK | |
| § | (Criminal No. 3:10-CR-206-D-6) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE** as time barred.

**I. BACKGROUND**

Petitioner pled guilty to conspiring to possess with intent to distribute a controlled substance and, on February 10, 2012, was sentenced under the career offender provisions of the United States Sentencing Guidelines to 210 months' imprisonment. Crim. Doc. 414. He did not file a direct appeal, and the Court subsequently denied his motion to reduce sentence without prejudice. Crim. Doc. 509. On June 7, 2016, Petitioner filed this section 2255 motion to vacate sentence, in which he seeks to extend to the residual clause of the career offender provisions of the Sentencing Guidelines (U.S.S.G. § 4B1.2) the holding of the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015) – that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 2 at 1-4. Because the Supreme Court

recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines, *Beckles v. United States,* ___ U.S. ___, 137 S. Ct. 886, 895 (2017), that argument is foreclosed.

However, Petitioner has moved for leave to amend to raise a claim under *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016)*,* and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). Doc. 14 at 1-2. He asserts that his prior Texas drug conviction does not qualify as a controlled substance offense under the career offender provisions of the Sentencing Guidelines. Doc. 14 at 2-3.

The stay of the case pending the Supreme Court's seminal decision in *Beckles* has been lifted. Thus, the section 2255 motion to vacate sentence and the motion to amend are now ripe for review.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.[1] *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

### A. Limitations

Petitioner's section 2255 motion is clearly untimely. More than four years elapsed between the date his conviction became final in February 2012 and when he filed the motion *sub judice*. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P.

---

[1] The 14-day statutory objection period will allow Petitioner an opportunity to respond.

4(b)(1)(A) (setting out time to file a direct appeal). However, to the extent Petitioner relies on 28 U.S.C. § 2255(f)(3) and the holdings in *Johnson, Mathis* or *Hinkle* to overcome the one-year limitations period in section 2255(f)(1), that reliance is misplaced.

Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." And while the Supreme Court has found its holding in *Johnson* retroactively applicable to cases on collateral review, *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016), *Johnson* has no bearing on Petitioner's case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was sentenced, as previously noted, under the career offender provisions of the Sentencing Guidelines, and the Supreme Court recently held that the rule in *Johnson* does not apply to the Sentencing Guidelines. *See Beckles*, ___ U.S. at ___, 137 S. Ct. at 895 (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause of the Fifth Amendment).

Likewise Petitioner cannot rely on the holdings in *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243 (2016)*,* or *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), to overcome the limitations bar in section 2255(f)(3). *Mathis* held, *inter alia*, that for the purpose of determining whether an offense qualifies as an ACCA predicate, the court takes a modified categorical approach, looking to the statutory elements of the offense rather than to the means of commission. 136 S. Ct. at 2257. 136 S. Ct. at 2257. However, *Mathis* did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review. *See In re*

*Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (*per curiam*) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review). Indeed, the Supreme Court explicitly stated in *Mathis* that it was <u>not</u> announcing a new rule and that its decision was dictated by decades of prior precedent. 136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). Moreover, in *Hinkle*, while the appellate court applied the *Mathis* holding, it was in the context of a direct appeal. 832 F.3d at 574-577 (vacating sentence on direct appeal because defendant's prior Texas conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provisions). Thus, *Hinkle* offers no instruction in cases such as this where the request for habeas relief is clearly untimely.[2]

In sum, section 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case.[3] Thus, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling, and his motion for leave to amend to raise a *Mathis/Hinkle* claim should be denied as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse

---

[2] Petitioner also cites as support *United States v. Hill*, No. A-06-CR-253, 2016 U.S. Dist. LEXIS 171363 (W.D. Tex., Austin Div., Dec. 9, 2016), in which the district court, applying *Mathis* and *Hinkle*, vacated the petitioner's 262-month sentence under section 2255. Doc. 6 at 7. In *Hill*, the Government conceded error, the court never addressed the limitations bar in section 2255(f)(1), and, ultimately, on December 19, 2016, the petitioner was granted clemency by the President of the United States and was never resentenced. Consequently, *Hill* is neither binding nor persuasive authority.

[3] Sections 2255(f)(2) and (4) are likewise inapplicable. Petitioner has not premised his claims on a government-created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

to grant leave to amend).

   B.  **Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling is warranted. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations and that the motion for leave to amend, Doc. 14, be **DENIED** as futile. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings

that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**SIGNED** April 13, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE